**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DENNIS GENAIRO COOK,** ) | **CASE NO. 1:19CV2914** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | |
| **ED SHELDON, et al.,** ) | **OPINION AND ORDER** |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* Plaintiff Dennis Genairo Cook ("Plaintiff" or "Cook") brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by preventing the free exercise of his religion while he was incarcerated at Mansfield Correctional Institution[1] ("MCI"). (ECF DKT #1). For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Plaintiff was incarcerated at MCI on October 13, 2016 where he began serving a thirteen year sentence after being convicted in Geauga County, Ohio. Plaintiff states that while at MCI, he was an active participant in MCI's religious group of Muslims and regularly attended Islamic services. (*Id.* ¶¶ 2-6). Cook claims that defendants Ed Sheldon (Warden), L. Booth (MCI's Inspector of Institutional Services), Justin Henry (Case Manager), Correctional Officer Hoehn, Lieutenant Pierce and Sergeant Gould (collectively "Defendants") violated his constitutional rights under the First and Fourteenth Amendments between February 7, 2019 and May 8, 2019

---

[1] Plaintiff is presently incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio. (ECF DKT #1 ¶ 8).

by denying him attendance at religious services. During that period of time, Plaintiff was housed in limited privilege housing ("LPH") pending transfer to a higher security facility. (*Id.* at 7-8).

Plaintiff claims that he observed defendant Hoehn discard passes issued to inmates in LPH to attend Islamic religious services, including Plaintiff's passes. Without a pass, Plaintiff could not attend Friday religious services – Jummah. (*Id.* at 8). Plaintiff states that he spoke with defendants Gould, Pierce and Henry regarding Hoehn's actions. (*Id.*).

On March 15, 2019, Cook filed an informal complaint about defendant Hoehn's destruction of Plaintiff's passes to religious services but his complaint was closed on March 26, 2019 without resolution. Plaintiff appealed to defendant Booth but his "numerous issues were not resolved." (*Id.* at 9; see also ECF DKT #1-3 (Plaintiff unable to attend religious services since he was transferred to LPH); ECF DKT #1-4) ("I would like to address the issue about denying LPH inmates Religious Services.")). On April 20, 2019, Plaintiff filed a grievance regarding defendant Sheldon's "negligence" in refusing to address, or ignorance of, Plaintiff's issues concerning the attendance of religious services. (ECF DKT #1 at 9). Cook's grievance against Sheldon was denied by the Chief Inspector of the Ohio Department of Rehabilitation and Correction. (*Id.* at 10).

Plaintiff claims that Defendants' conduct violated his constitutional right to the free exercise of his religion and constitutes cruel and unusual punishment.[2] Cook states that this

---

[2] In Counts One and Four, Cook sues defendant Sheldon for denying Plaintiff's free exercise of religion and cruel and unusual punishment. In Count Two and Nine sues defendant Hoehn for interfering with Plaintiff's free exercise of religion and cruel and unusual punishment. In Count Three and Five, Plaintiff sues defendant Booth for interfering with Plaintiff's free exercise of his religion and cruel and unusual punishment. In Counts Six, Seven, and Eight, Cook sues defendants Pierce, Henry, Gould, respectively, for cruel and unusual punishment. (*See* ECF DKT #1 at 10-15).

lawsuit is focused on Defendants' refusal to allow him to attend religious services[3] and not upon the denial of grievances. (*Id.* at 16). Cook seeks monetary and injunctive relief. (*Id.* at 17-18).

## II. DISCUSSION

### A. Standard of Review

Pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Notwithstanding liberal pleading construction, *pro se* plaintiffs must still meet the basic pleading requirements of Fed. R. Civ. P. 8, and the Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) and § 1915(A). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

---

[3] Plaintiff also claims that Defendants' alleged violation of his First Amendment right to free exercise of his religion also constitutes cruel and unusual punishment and deprived him of equal protection of the law. Because the Court concludes that Plaintiff fails to state a plausible First Amendment claim, the Court need not further consider Plaintiff's Eighth Amendment and equal protection claims.

3

In order to state a plausible claim for relief, a plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Iqbal*, the United States Supreme Court discussed *Twombly* and provided additional analysis of this standard: "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**B. Analysis**

Cook brings this action pursuant to 42 U.S.C. § 1983. Section 1983 is not a source of substantive rights, but a means by which Plaintiff may seek relief for the deprivation of rights secured by the Constitution and federal laws. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a claim under § 1983, Plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citation omitted).

**1. Warden Sheldon is dismissed**

As an initial matter, there are no allegations in the Complaint that Warden Sheldon was personally involved in Cook's claim that he was prevented from attending religious services by Hoehn while in LPH. Simply listing Sheldon in the case caption and alleging constitutional violations in the body of the Complaint is insufficient to state a plausible claim for relief against

4

him. *See Moore v. Michigan*, No. 1:07-CV-561, 2008 WL 724151, at *9 (W.D. Mich. Mar. 17, 2008) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.") (collecting cases). Sheldon is only liable under § 1983 if he were personally involved in the alleged deprivation of Plaintiff's constitutional rights. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing among authority *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976)).

Here, Plaintiff alleges that Sheldon "either knew of the problems within his Institution [regarding inmates in LPH being prevented from attending religious services] and refuse[d] to address or did not know which in essence is still negligence due to being aware of all things in [MCI] is his job." (ECF DKT #1 at 9). These allegations are insufficient to hold Sheldon liable under § 1983. Cook does not allege that Sheldon encouraged the conduct at issue here or directly participated in some way. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The liability of supervisors cannot be based solely on the right to control employees, nor on 'simple awareness of employees' misconduct.'" *Vos v. Cordray*, 719 F. Supp. 2d 832, 842 (N.D. Ohio 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). And "supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. ... liability must be based on active unconstitutional behavior." *Stewart v. Taft*, 235 F. Supp. 2d 763, 767 (N.D. Ohio 2002) (citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)). Sheldon cannot be liable under § 1983 on a theory of vicarious liability or respondeat superior simply because he is the warden at MCI. *Copeland*, 57 F.3d at 481 (citing *Monell v. Dep't of Soc. Srvs.,* 436 U.S. 658 (1978)); *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010).

Having failed to allege active unconstitutional conduct by Sheldon with respect to Plaintiff's claims that he was prevented from attending religious services while in LPH, Plaintiff fails to state a plausible claim against Sheldon upon which relief may be granted. Accordingly, Sheldon is dismissed from this action pursuant to § 1915(e)(2)(B).

**2. Defendants Booth, Henry, Pierce and Gould are dismissed**

Plaintiff's only allegation against defendants Henry, Pierce and Gould is that he complained to them about Hoehn's alleged destruction of passes for LPH inmates to attend religious services. (ECF DKT #1 at 8). Cook does not allege that Henry, Pierce and Gould actively participated in Hoehn's alleged unconstitutional conduct. For the reasons discussed above, Henry, Pierce and Gould cannot be liable under § 1983 on a theory of respondeat superior, supervisory liability, or mere failure to act upon the information they received from Plaintiff. Accordingly, Plaintiff fails to state a plausible claim upon which relief may be granted against Henry, Pierce or Gould, and these defendants are dismissed from this action pursuant to § 1915(e)(2)(b).

With respect to defendant Booth, Plaintiff's only allegation against her is that she denied his appeal when his complaint regarding Hoehn's conduct did not resolve the issue regarding his attendance of religious services. (*Id.* at 9). Section 1983 liability may not be imposed upon Booth simply because she denied a grievance or appeal, or failed to act on a grievance or appeal. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (citations omitted); *see also Proctor v. Applegate*, 661 F. Supp. 2d 743, 766 (E.D. Mich. 2009) (To the extent that an inmate is dissatisfied with the responses to his grievances, he fails to state a § 1983 claim because a prison grievance procedure does not confer any substantive rights.) (collecting cases). Plaintiff does

6

not allege that Booth actively participated on Hoehn's alleged unconstitutional conduct.

Accordingly, Plaintiff fails to state a plausible § 1983 claim against Booth upon which relief may be granted and Booth is dismissed from this action pursuant to § 1915(e)(2)(b).

### 3. Defendant Hoehn is dismissed

The First Amendment to the United States Constitution provides that Congress shall make no law prohibiting the free exercise of religion, and this prohibition applies to the states by virtue of the Fourteenth Amendment. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). A prisoner does not check his First Amendment right to the free exercise of religion at the prison door, but that right is subject to reasonable restrictions and limitations. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). To establish a First Amendment free exercise claim, a plaintiff must show that: (1) the belief or practice he seeks to protect is religious in his "own scheme of things," (2) his belief is sincerely held, and (3) defendant's behavior infringes upon this practice or belief.[4] *See Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987) (citation omitted). "[T]he touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of whether the beliefs professed ... are *sincerely held,* not whether the belief is accurate or logical." *Colvin*, 605 F.3d at 298 (emphasis in original) (internal quotation marks and citation omitted). And the prison's actions must substantially burden an inmate's sincerely held religious belief. *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (citation omitted); *see also Wilson v. NLRB*, 920 F.2d 1282, 1290-91 (6th Cir. 1990) ("The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central

---

[4] The next step is to determine whether the prison official's challenged behavior furthers some legitimate penological objective. *Kent*, 821 F.3d at 1225 (citations omitted).

7

religious belief or practice and, if so, whether a compelling governmental interest justifies the burden.") (citing *Wilson v. NLRB*, 920 F.2d 1282, 1290-91 (6th Cir. 1990) (citing *Hernandez v. C.I.R.*, 490 U.S. 680, 697 (1989)).

Plaintiff fails to assert a plausible First Amendment free exercise claim. Plaintiff alleges that he was an active member of MCI's religious group of Muslims and regularly attended Friday congregational prayers (Jummah). (ECF DKT #1 ¶ 3). Plaintiff further alleges that "Jummah is a major symbol in the Islamic belief" and that he has "sincerely and actively participated in his belief." (*Id.* ¶¶ 4-5).

But Plaintiff does not actually allege that he is Muslim or that attendance at Jummah is *his* sincerely held religious belief. But even if Plaintiff's Complaint could be construed to plausibly allege that he is Muslim and that his belief regarding Jummah is sincerely held, Plaintiff has failed to allege that his inability to attend Jummah between February 7 and May 8, 2019 while in LPH was more than an incidental burden on his Muslim faith.

Accordingly, Plaintiff fails to allege a plausible § 1983 claim that Hoehn violated his right under the First Amendment to the free exercise of his religion and Hoehn is dismissed from this action pursuant to § 1915(e)(2)(b). *See Hairston v. Emeaghara*, No. 2:18-CV-951, 2018 WL 4680776, at *3 (S.D. Ohio Sept. 28, 2018) (recommending § 1915(e) dismissal because the court could not conclude that the deprivation of weekly services during the short period of time plaintiff awaited transfer to another institution substantially burdened plaintiff's sincerely held religious belief) (citing *Hargrove v. Frisby*, No. 1:17-cv-748, 2018 WL 2937466, at *4 (S.D. Ohio June 12, 2018) (recommending dismissal of inmate's First Amendment claim under the Free Exercise Claim pursuant to § 1915(e)(2), concluding that the inmate "failed to allege that

8

his Muslim faith was more than incidentally burdened for the three-month period in which he was housed in disciplinary segregation"), adopted 2018 WL 3437074 (July 17, 2018).

### III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion for appointment of counsel is moot and denied as such.  (ECF DKT #3).  In light of the dismissal of this case pursuant to 28 U.S.C. § 1915(e), Interested Party's motion to dismiss the complaint is moot and denied as such.  (ECF DKT #9).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                            **s/Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: June 17, 2020**